UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELAILAH PEREZ; SUSAN SUAREZ,

                              Plaintiffs,

-against-

NEW YORK CITY; NYC ADMINISTRATION FOR
CHILDREN'S SERVICES (ACS); NYC HEALTH +
HOSPITALS/BELLEVUE; NYC HEALTH +
HOSPITALS/BELLEVUE LIABILITY
INSURANCE; NYC LIABILITY BOND; NYC
HEALTH + HOSPITALS/BELLEVUE LIABILITY
BONDS; DENNY REYNOLDS (MD); MORRIS
FORTRE; SHAPIRO (PSYCHIATRIST); CONDICE
(PSYCHIATRIST); KONDRACKY, et al.

                              Defendants.

20 Civ. 11053 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, District Judge:

Plaintiffs, appearing *pro se*, bring this action under 42 U.S.C.§ 1983, other federal

statutory provisions and state law, alleging that Defendants violated their rights at Bellevue

Hospital.  By order dated March 31, 2021, the Court granted Plaintiffs' request to proceed *in

forma pauperis* ("IFP").

## STANDARD OF REVIEW

A court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim on which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636,

639 (2d Cir. 2007); *accord Medina v. United States*, No. 21 Civ. 1427, 2021 WL 663711, at *1

(S.D.N.Y. Feb. 18, 2021).  A court must also dismiss a complaint when it lacks subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  A court is obliged to construe *pro se* pleadings

liberally and interpret them to raise the strongest claims that they suggest.  *See Costabile v. N.Y.C. Health and Hosp. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020).

## DISCUSSION

### A.    Claims that Cannot Proceed

#### 1.    Claims on behalf of Delailah Perez's "unborn fetus newborn and her two minor children"

The Court must dismiss any claims Plaintiffs seek to bring on behalf of Perez's minor children.  The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as [permitted] by the rules of such courts, respectively." 28 U.S.C. § 1654; *see Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 892-93 (2d Cir. 2019). Generally, a non-attorney parent cannot bring an action on behalf of his or her minor children in federal court without counsel.  *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 654 n.2 (2d Cir. 2020).

Plaintiffs have alleged no facts suggesting that they are attorneys.  They cannot assert any claims on behalf of other individuals, including Perez's minor children.  The Court, therefore, dismisses without prejudice any claims Plaintiffs are asserting on behalf of Perez's children.

#### 2.    Claims against New York City Administration for Children's Services (ACS)

The Court also dismisses Plaintiff's claims against ACS.  As an agency of the City of New York, ACS is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("It is well settled in this [c]ourt that, as

a general matter, agencies of New York City are not suable entities in § 1983 actions."); *accord*
*Bey v. La Casse*, No. 20 Civ. 9171, 2021 WL 1143690, at *5 (S.D.N.Y. Mar. 22, 2021).

### 3. Claims against Bellevue Hospital

Similarly, Bellevue Hospital, which is part of the New York City Health + Hospitals
("H+H"), is not a suable entity. *See, e.g.*, *McFadden v. City of New York*, No. 19 Civ. 5508, 2019
WL 3034893, at *2 (S.D.N.Y. July 11, 2019) ("Bellevue Hospital, which is part of New York
City Health + Hospitals ("H+H"), is not a suable entity."); *Nogbou v. Mayrose*, No. 07 Civ. 3763,
2009 WL 3334805, at *7 (S.D.N.Y. Oct. 15, 2009) (same), *aff'd*, 400 F. App'x 617 (2d Cir.
2010). And any claim against the hospital must be brought against H+H, which has the capacity
to be sued under state law. *See* N.Y. Unconsol. L. § 7385(1). Plaintiffs' claims against Bellevue
Hospital are dismissed.

### 4. Claims against insurance and bond entities

Plaintiffs also name three additional defendants which do not appear to be actual legal
entities – NYC Liability Bond, NYC Health + Hospitals/Bellevue Liability Insurance, NYC
Health + Hospitals Liability Bonds. As Plaintiffs do not allege any facts about these entities, the
Court dismisses them as parties to this action without prejudice. If Plaintiffs can establish that
these defendants are actual entities that can be sued, Plaintiffs may request leave to submit an
amended complaint in which they allege facts with sufficient details to state a claim against these
defendants.

## B. Service on the City of New York and H+H

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely
on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119,
123 n.6 (2d Cir. 2013); *accord Nieves v. New York State Off. of Mental Health*, No. 20 Civ. 9502,
2021 WL 982297, at *2 (S.D.N.Y. Mar. 16, 2021); *see also* 28 U.S.C. § 1915(d) ("The officers of

the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court, therefore, extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *accord Nieves*, 2021 WL 982297, at *2, *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiffs to effect service on Defendants City of New York and H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiffs must notify the Court in writing if their addresses change, and the Court may dismiss the action if Plaintiffs fail to do so.

## C. Identification of Bellevue Staff Members

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997) (holding that district courts must assist

pro se incarcerated litigants with their inquiry into the identities of unknown defendants); *accord Komatsu*, No. 20 Civ. 10942, 2021 WL 1405581, at *2 (S.D.N.Y. Apr. 14, 2021). In the complaint, Plaintiffs have provided sufficient information to permit H+H to identify fully the five hospital staff members – Denny Reynolds (MD); Morris Fortre; Shapiro, C. (psychiatrist); Condice (psychiatrist); and Kondracky (psychiatrist) – involved in Plaintiff Perez's treatment at Bellevue Hospital on July 25, 2019. It is therefore ordered that H+H must ascertain the full names of the five hospital staff members Plaintiffs sue, as well as the addresses where they may be served. H+H must provide this information to Plaintiffs and the Court within sixty days of the date of this order. Once H+H has provided this information, if necessary, the Court will issue an order directing service on the newly identified defendants.

## CONCLUSION

Perez's "unborn fetus newborn and her minor children" are dismissed as plaintiffs in this action. Plaintiffs' claims against ACS, Bellevue Hospital, NYC Health + Hospitals/Bellevue Liability Insurance, NYC Liability Bond, and NYC Health + Hospitals/Bellevue Liability Bonds are also dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs, together with an information package. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and H+H, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is respectfully directed to mail a copy of this order and the complaint to: NYC Health + Hospitals at 125 Worth Street, New York, New York 10013.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 28, 2021
          New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, NY 10007

2. New York City Health + Hospitals
   125 Worth Street
   New York, NY 10013

***Pro Se* Intake Unit**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, New York 10007
(212) 805-0175

1. **Electronic Case Filing for Nonincarcerated Parties**

   A. **ECF Filing by *Pro Se* Parties.** Any nonincarcerated *pro se* party who wishes to participate in electronic case filing ("ECF") should complete a Motion for Permission for Electronic Case Filing, available in the *Pro Se* Intake Unit or at https://nysd.uscourts.gov/forms. The form should be mailed to the *Pro Se* Intake Unit, 500 Pearl Street, Room 200, New York, NY, 10007.

   B. **Consent to Electronic Service by *Pro Se* Parties.** Any nonincarcerated *pro se* party who wishes to receive documents in their case electronically (by e-mail) instead of by regular mail may consent to electronic service by filing a *Pro Se* (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at https://nysd.uscourts.gov/forms.

2. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be in writing and sent to the Pro Se Intake Unit. No documents or Court filings should be sent directly to Chambers. No telephone calls will be accepted by Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Schofield's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-lorna-g-schofield. Except for cases in which the *pro se* party has received permission to participate in ECF, such communications must include a separate proof of service indicating that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

**3. Filing of Papers**

 **A. By a *Pro Se* Party.** If the *pro se* party is not participating in ECF, all papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007.

 **B. By Parties Represented by Counsel.** Except for cases in which the *pro se* party has received permission to participate in ECF or has consented to electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and include a separate proof of service indicating that the *pro se* party was served with a copy of the filed document. Submissions filed without proof that the *pro se* party was served will not be considered.

**4. Discovery**

 **A. Discovery Requests.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

 **B. Discovery Disputes.** The parties shall confer amongst themselves with respect to discovery demands prior to raising any issue with the Court. Plaintiff should not contact the Court regarding discovery disputes unless he has first attempted to resolve the issue with the Defendants without the assistance of the Court.

**5. Motions**

 **A. Filing and Service.** Before filing a motion to dismiss, a party must file a letter stating the basis for the motion and a proposed briefing schedule. The letter shall be no longer than three pages, single-spaced. No response is required. Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

 **B. Courtesy Copy.** One printed courtesy copy of all parties' motion papers, including exhibits, marked "Courtesy Copy," shall be submitted to Chambers, at the time the reply is served. If a party is represented by counsel, that party shall prepare the courtesy copy and deliver it to the Court Security Officers at the Worth Street entrance to the Daniel P. Moynihan Courthouse. If no party is represented by counsel, the moving party (i.e., the party who made the motion) shall prepare the courtesy copy and deliver it to the *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. All motion papers shall be double-sided, three-hole punched, tabbed, include the ECF stamp including the date and docket number, if applicable, and placed in a binder in the order that they were filed.

**C. *Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

**D. Memoranda of Law.** All written motions shall be accompanied by a memorandum of law. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. These page limits do not apply to memoranda in support of or opposition to a motion for reargument or reconsideration, which shall not exceed 10 pages, or memoranda in support of or opposition to *in limine* motions, which shall not exceed five pages. Any pages in excess of the application page limit will be disregarded.

**6. Initial Case Management Conference.** The Court will generally schedule an initial case management conference within three months of the filing of the Complaint. An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

**7. Trial Documents**

**A. Joint Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, the parties shall file a concise, written Joint Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts that each party hopes to prove at trial; (2) a list of all documents or other physical objects that each party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses that each party intends to have testify at trial. The Statement must be sworn by the parties to be true and accurate based on the facts known by the parties. If any party is represented, that party shall file the Joint Pretrial Statement. If no party is represented, the parties shall jointly file an original of this Statement with the *Pro Se* Intake Unit.

**B. Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so. In all jury cases, the parties also shall file joint proposed case specific voir dire (i.e., jury selection) questions and a one or two paragraph statement describing the case that will be read to the prospective jurors and the beginning of voir dire. The parties need not file generalized jury instructions or voir dire instructions.

If you have any questions about these rules and practices, please contact the *Pro Se* Intake Unit at (212) 805-0175.

Revised. 11/12/2019